J

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RYLEE JOHNSON, individually; and
SIOBHAN JOHNSON, individually;

    *Plaintiffs*,

  v.

WASHOE COUNTY SCHOOL DISTRICT, a
political subdivision of the State of Nevada;
KATY UPTON, individually, and in her official
capacity; JASON URMSTON, individually, and
in his official capacity; TAMMY HART,
individually, and in her official capacity; and
WENDY HAWKINS, individually, and in her
official capacity; SEAN HALL, individually, and
in his official capacity, DOES I-X,

    *Defendants*.

Case No.: 3:22-cv-00520-LRH-CLB

**ORDER GRANTING**

**STIPULATION TO STAY
DISCOVERY**

***(FIRST REQUEST)***

   Plaintiffs Rylee Johnson and Siobhan Johnson ("Plaintiffs") and Defendants Washoe County School District ("WCSD" or the "District"), Jason Urmston, Tammy Hart, Wendy Hawkins, Sean Hall and Katy Upton (collectively, with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree, pursuant to Civil Local Rule IA 6-2 and 7-1, as follows:

   1.  The Parties stipulate that discovery in this matter be stayed until a ruling on Defendant Washoe County School District, Jason Urmston, Tammy Hart, Wendy Hawkins,

///

- 1 -

and Sean Hall's (collectively referred to as "<u>District Defendants</u>") Motion to Dismiss First Amended Complaint [Docket No.16] has been filed.

2.     On February 21, 2023, Plaintiffs filed their First Amended Complaint [Docket No. 4].

3.     On April 10, 2023, the District Defendants filed their Motion to Dismiss First Amended Complaint [Docket No. 16] seeking to dismiss all of Plaintiffs' claims against the District Defendants as a matter of law. If granted in its entirety, the only remaining claims would be against Defendant Katy Upton.

4.     Also on April 10, 2023, Defendant Upton filed her Answer to Plaintiffs' First Amended Complaint [Docket No. 17], Demand for Jury Trial [Docket No. 18] and Certificate of Interested Parties [Docket No. 19].

5.     The Parties filed a Stipulation and Order to Extend Deadlines for Plaintiffs to File their Opposition to the District Defendants' Motions to Dismiss and to Extend the Deadlines for the District Defendants to file their Reply in Support of their Motion to Dismiss [Docket No. 22].   On April 17, 2023, the Court issued an Order Granting the Parties' Stipulation to Extend their Deadlines [Docket No. 23].

6.     On May 8, 2023, Plaintiffs filed their Opposition to the District Defendants' Motion to Dismiss First Amended Complaint [Docket No. 26].

7.     The District Defendants' Reply in Support of their Motion to Dismiss First Amended Complaint is due on or before May 29, 2023.

8.     The Parties agree it is in the best interest of all Parties to await the Court's ruling on the District Defendants' Motion to Dismiss First Amended Complaint [Docket No. 16] prior to setting discovery deadlines and incurring the time and expense of written discovery and depositions, in the event the Court dismisses the claims against the District Defendants in whole or in part.

9.     As the Ninth Circuit has confirmed, "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th

Cir. 1987). Likewise, a district courts has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(d)(1) (describing the court's ability to limit the scope of discovery).  Ultimately, when deciding whether to grant a stay of discovery, a court is guided by the objectives of Federal Rule of Civil Procedure 1 that ensures a "just, speedy, and inexpensive determination of every action." *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, *3 (D. Nev. Oct. 14, 2021) (quoting Fed. R. Civ. P. 1); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (explaining that courts evaluating the propriety of a stay have cautioned against the use of resources that may be rendered unnecessary, noting the simple, but accurate principle: "Discovery is expensive").

10.    The Parties are in agreement that discovery is not required for the Court to decide the District Defendants' Motions to Dismiss. Because the Court's ruling could potentially result in dismissal of some or all of the District Defendants, it would be an inefficient use of resources to engage in discovery prior to the Court's ruling. *See Sibley v. U.S. Sup. Ct.*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."). As such, it is within the Court's power to grant a stay of discovery at this time.

11.    The District Defendants' pending Motion to Dismiss, if granted, may dispose of the claims against the District Defendants in whole or in part. Accordingly, the Parties, after consultation with one another, have determined it would be in the best interest of each respective side to request that this Court grant a stay of discovery until the Court renders a decision on the District Defendants' pending Motion to Dismiss.

12.    It is respectfully submitted that none of the Parties believe this delay will cause harm to their ability to conduct discovery in this matter, nor will it cause either side to be in a worse position.

13.    The Parties believe that, by not expending more funds or time until the Motion to Dismiss is resolved, the Parties have put themselves in the best position possible to preserve

resources and protect their respective funds. The interests of litigation efficiency and judicial economy are also promoted by a stay of discovery.

14.    The Parties further stipulate to delay submission of the stipulated discovery plan and discovery order for thirty (30) days after this Court files its decision on the District Defendants' pending Motion to Dismiss First Amended Complaint [Docket No.16].

**IT IS SO STIPULATED.**

DATED this 22nd day of May, 2023.
**THE BACH LAW FIRM, LLC**


By: */s/ Jason J. Bach*
    Jason J. Bach
    Nev. Bar No. 7984
    jbach@bachlawfirm.com
    7881 Charleston Blvd., Suite 165
    Las Vegas, Nevada 89117
    *Attorney for Plaintiffs*

DATED this 22nd day of May, 2023.
**WASHOE COUNTY SCHOOL DISTRICT OFFICE OF THE GENERAL COUNSEL**


By: */s/ Andrea L. Schulewitch*
    Andrea L. Schulewitch
    Nev. Bar No. 15321
    andrea.schulewitch@washoeschools.net
    Sara K. Montalvo
    Nev. Bar No. 11899
    sara.montalvo@washoeschools.net
    P.O. Box 30425
    Reno, Nevada 89520-3425
    *Attorneys for District Defendants*

DATED this 22nd day of May, 2023.
**THORNDAL ARMSTRONG PC**


By: */s/ Katherine F. Parks*
    Katherine F. Parks
    Nev. Bar No. 6227
    kfp@thorndal.com
    6590 S. McCarran Blvd., Suite B |
    Reno, NV 89509
    *Attorney for Defendant Katy Upton*

<u>**ORDER**</u>

**IT IS SO ORDERED.**

DATED: _____May 22, 2023_____

_____
U.S. DISTRICT MAGISTRATE JUDGE